## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DURAYLE JACKSON,**

  **Plaintiff,**

  v.            **CASE NO.  25-3013-JWL**

**EMMIT LOCKRIDGE, et al.,**

  **Defendants.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Durayle Jackson is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

### I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff's claims are based on incidents occurring during his detention at the Wyandotte County Jail in Kansas City, Kansas ("WCJ").  Plaintiff is currently out of custody.  The Court grants Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 4).

Plaintiff alleges that he has been incarcerated since July 29, 2024,[1] and the correctional officers and staff at the WCJ "have labeled [him] a child molester, snitch (informant), homosexual, they even conspired false publications over their police walkie talkie threw [sic] the faculty [sic] using [Plaintiff's] government name which [is] embarrassing and humiliating which causes [Plaintiff] to be more substantial [sic] to harms risk."  (Doc. 1, at 10.)  Plaintiff alleges that he has written seven grievances to the warden "along with 50+ statements/quotes date and

---

[1]  It appears that this might be a typo and Plaintiff may have meant 2023 instead of 2024.  Plaintiff documents incidents occurring at the WCJ beginning on August 1, 2023.  *See* Doc. 1, at 12.

time of the tortfeasors showing actual malice." *Id*.

Plaintiff includes notations of incidents from August 2023 to January 2024. Some of the alleged incidents involve unnamed staff. Most of the incidents relate to Plaintiff being labeled gay, a child molester, or a snitch. Plaintiff also claims that comments were made about him smelling like gender dysphoria.

Plaintiff alleges that he would like to file a "dignitary tort including: defamation of a private figure (with gross negligence)[,] slander (slander per se and per quod) with innuedo [sic], NIED or IIED and false light 652 E (invasion of privacy)." *Id*. at 10. He also claims he would like to file a "federal 1985(3) KKK act of 1871 protected under 1983." *Id*. Plaintiff also alleges a "class of one" equal protection claim "due to being similarly situated (animus) and being intentional [sic] discriminated against due to [his] perceived sexual orientation which would fall under (sex/stereotyping/gender discrimination) cruel and unusual punishment also deliberate indifference . . .." *Id*. Plaintiff also mentions a hate crime and his due process rights. *Id*.

Plaintiff names 23 individuals working at the WCJ as defendants. Plaintiff alleges "psychological harm" and seeks $4,000,000 in compensatory damages and $2,000,000 in punitive damages. (Doc. 1, at 7.)

## II. Statutory Screening of Prisoner Complaints

The Court is required to dismiss a case filed by a plaintiff proceeding in forma pauperis:

> at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New*

*Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

Although Plaintiff uses a form complaint, in the sections where he is to state his "Basis for Jurisdiction" and his "Statement of Claim" he merely references attachments. *See* Doc. 1, at 3, 4. The attachment sets forth under basis of jurisdiction: "1st (Right to assemble); 4th (right to be let alone); 5th & 4th (equal protection); 8th (deliberate indifference) & (Cruel and Unusual Punishment); False light 652 E (Penumbra right); and Substantive due process." *Id*. at 7. Plaintiff lists his injuries as "Psychological Harm (false light), Defamation, [and] Intentional discrimination." *Id*.

The section of the attachment that sets forth Plaintiff's Statement of Claim is titled "TO BE LET ALONE" with "Qualified Immunity" handwritten beside the title. *Id*. at 10. It is

impossible to decipher what causes of action Plaintiff is asserting. He mentions that he "would like to file a dignatory tort including: defamation of a private figure (with gross negligence) slander (slander per se and per quod) with innue[n]do, NIED or IIED and false light 652 E (invasion of privacy)." *Id*. Plaintiff also mentions 1985(3), a "privacy claim" and a "class of one" or equal protection claim. *Id*. Plaintiff then sets forth his handwritten notes regarding what was said on certain dates. *Id*. at 12–20.

The Court will grant Plaintiff an opportunity to file an amended complaint on a court-approved form. Plaintiff should set forth his causes of action on the form complaint and include the supporting facts for each claim. A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Plaintiff should keep this standard in mind when submitting an amended complaint.

In filing an amended complaint, Plaintiff must comply with Fed. R. Civ. P. 8's pleading standards. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's Complaint fails to comply with this rule. "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis. Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)).

Plaintiff must state a federal constitutional violation. State statutes and causes of action do not provide a basis for liability under § 1983 which only protects rights secured by the Constitution and laws of the United States. *D.L. v. United Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) (finding that "Plaintiffs' citations to Kansas case law to support their claim . . . is unavailing, as § 1983 affords a remedy for violations of federal law and does not 'provide a basis for redressing violations of *state* law.'") (citation omitted). Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction." "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quotations omitted); *see also Foxfield Villa Assocs., LLC v. Robben*, 967 F.3d 1082, 1103 (10th Cir. 2020) ("[A] district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial.") (citation omitted).

Plaintiff references a "hate crime" without explanation. Plaintiff does not have a cause of action based on criminal statutes. Section 249 is a federal criminal statute dealing with hate crimes motivated by the victim's actual or perceived sexual orientation, gender identity, gender, disability, race, color, religion, or national origin. *See* 18 U.S.C. § 249. Plaintiff does not have a private right of action to enforce criminal laws. As a general matter, federal criminal statutes that "do not provide for a private right of action" are "not enforceable through a civil action." *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *see also Perkins v. Univ. of Kansas Med. Ctr.*, 2014 WL 1356042, at *4 (D. Kan. 2014) (finding claim under § 249 should be dismissed because "[t]hese federal statutes authorize criminal prosecution for various acts, they

do not authorize a private cause of action") (citation omitted); *see also Pennington v. Meyers*, 2022 WL 656163, at *4 (D. Kan. 2022) (same).

Further, the Court is not authorized to direct state or federal prosecutorial authorities to bring a criminal case against any of the Defendants.  *See Maine v. Taylor*, 477 U.S. 131, 136 (1986) ("the United States and its attorneys have the sole power to prosecute criminal cases in federal courts"); *Lynn v. Cline*, 2019 WL 2578241, at *2 (D. Kan. 2019) ("This Court cannot order the initiation of criminal charges, which is a decision within the discretion of prosecuting attorneys.") (citing *Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that a court order for "investigation and prosecution of various people for various crimes" would "improperly intrude upon the separation of powers")); *State ex rel. Rome v. Fountain*, 678 P.2d 146, 148 (Kan. 1984) ("[A] private individual has no right to prosecute another for crime and no right to control any criminal prosecution when one is instituted. Thus, the philosophy of this state has always been that a criminal prosecution is a state affair and the control of it is in the public prosecutor.").

Plaintiff also references a "class of one" equal protection claim, and a claim under § 1985(3).  Plaintiff fails to provide any factual support for these claims.  To allege an equal protection violation, a plaintiff must state facts indicating that defendants treated him differently than other similarly situated individuals.  *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  To proceed upon an equal protection claim as a "class-of-one plaintiff," there must be allegations that others similarly situated in every material respect were intentionally treated differently and that the government's action was irrational and abusive.  *Haik v. Salt Lake City Corp.*, 567 F. App'x 621, 631–32 (10th Cir. 2014); *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011).  Plaintiff has failed to allege that other inmates were similarly

situated to him in every material respect. *See Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998) ("In order to assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them.") (citation omitted).

Section 1985 deals with conspiracies to interfere with civil rights. *See* 42 U.S.C. § 1985. Plaintiff fails to allege a conspiracy or to assert factual allegations in support of a conspiracy claim. To state a claim for conspiracy, a plaintiff must include in his complaint enough factual allegations to suggest that an agreement was made. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). A bare assertion of conspiracy, absent context implying a meeting of the minds, fails to raise a right to relief above the speculative level. *Id.* Here, Plaintiff provides no factual information whatsoever to demonstrate any type of agreement was made between anyone.

Any conspiracy claim under § 1985(3) also fails because Plaintiff has not shown discriminatory animus against him based on his membership in a protected class. *See Garcia v. Yniquez*, 2022 WL 2734636, at *2 (10th Cir. July 14, 2022) (unpublished). Causes of action under both sections (2) and (3) require a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015) (citations omitted); *see also Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994) (a § 1985 claim lacking an allegation of "class-based or racial discriminatory animus" must fail)); *see also Chubb v. Brownback*, 2016 WL 5410615, at *7 (D. Kan. Sept. 28, 2016) ("To assert a plausible claim under § 1985(3), plaintiff must allege a conspiracy based on racial animus.") (citing *Jones*, 809 F.3d at 576).

"Under the Eighth Amendment, prison officials have a duty to 'provide humane conditions of confinement,' including 'tak[ing] reasonable measures to guarantee the safety of . .

. inmates.'" *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 800 (2019) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation marks omitted)). This duty includes "a duty to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (ellipsis and quotation marks omitted).  To prevail on a failure to protect claim, a plaintiff must show:  "(1) 'that the conditions of his incarceration present an objective substantial risk of serious harm' and (2) 'prison officials had subjective knowledge of the risk of harm,' '[i]n other words, an official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Requena*, 893 F.3d at 1214 (citation omitted).

Plaintiff alleges that some of the defendants stated that he smelled like gender dysphoria. While unprofessional and inappropriate, comments like this do not rise to the level of a constitutional violation.  The Tenth Circuit has found that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (unpublished) (quoting *Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir. 1992)).  Where "the officers' comments, although inappropriate, do not suggest a show of deadly force," they fail "to create 'terror of instant and unexpected death.'" *Id.*; *see also McBride v. Deer*, 240 F.3d 1287, at 1291 n.3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment.") (citation omitted).

However, the Tenth Circuit has held in a number of cases that "labeling an inmate a 'snitch' or otherwise inciting other inmates to harm an inmate states an Eighth Amendment violation, regardless of whether the inmate is ever actually physically harmed."  *Harris v. Matthews*, 417 F. App'x 758, 763 (10th Cir. 2011) (unpublished) (citing *see, e.g., Benefield v.*

*McDowall,* 241 F.3d 1267, 1271–72 (10th Cir.2001) (holding it is clearly established law that labeling an inmate a snitch and informing other inmates of that label with knowledge of the obvious risk of danger associated with that label violates the Eighth Amendment even though the inmate is never actually harmed; "a violation of the Eighth Amendment does not turn on the type [of] relief sought" and "may be implicated not only to physical injury, but also by the infliction of psychological harm"); *Northington v. Jackson,* 973 F.2d 1518, 1525 (10th Cir.1992) (holding plaintiff's claim that he was assaulted by other inmates as a result of a jail guard telling inmates that he was a snitch stated an Eighth Amendment violation); *Brown v. Narvais,* 265 F. App'x 734, 735–36 (10th Cir. 2008) (unpublished) (allegation that defendant disclosed plaintiff's status as a child molester knowing such label would subject the plaintiff to serious bodily harm stated an Eighth Amendment violation even though the plaintiff was never actually physically attacked); *Johnson–Bey v. Ray,* 38 F. App'x 507, 510 (10th Cir. 2002) (unpublished) (plaintiff's allegations that correctional officer intentionally told another inmate that plaintiff had tried to set him up for a disciplinary violation in order to place plaintiff in danger stated an Eighth Amendment violation; "[t]he fact that plaintiff suffered no physical injury resulting from the officer's alleged action, although relevant to the issue of damages, does not require dismissal") (citation omitted); *Purkey v. Green,* 28 F. App'x 736, 745 (10th Cir. 2001) (unpublished) ("A prisoner states an Eighth Amendment violation by alleging that a prison official intended to cause him serious harm by inciting other inmates to do violence against him. While an idle threat of impending physical harm that is not carried out will not suffice to state an Eighth Amendment claim, an imminent threat of serious harm, even though injury never actually occurs, will suffice.") (citation and quotations omitted)).

"Congress, in enacting the Prison Rape Elimination Act (PREA), recognized an inmate's

sexuality (or the perception of their sexuality) could put them at risk for being sexually abused by other inmates." *Harker v. Neyhart*, 2021 WL 3883638, at *3 (D. Colo. 2021) (citing 28 C.F.R. § 115.241(d)(7)). "[L]abeling an inmate as gay is no joke in the lock-up environment . . . [l]ike a prison guard tagging an inmate as a snitch or a pedophile, labeling an inmate as gay could indeed raise a serious risk of harm." *Id*. However, a complaint making such allegations must still establish the subjective prong of the Eighth Amendment analysis and plausibly allege a defendant's subjective knowledge of a risk. *Id*. at *4.

## IV. Motion for Appointment of Counsel

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 6), setting forth his attempts to find counsel. Plaintiff also states that he believes that the Court should consider the Sixth Amendment right to counsel. (Doc. 6, at 3.)

The Court has considered Plaintiff's motion for appointment of counsel. The Sixth Amendment provides a criminal defendant the right to the "Assistance of Counsel for his defence." U.S. Const. amend VI. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

## V.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (25-3013-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient

additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.  If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 4) is **granted.**

 **IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 6) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **March 11, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **March 11, 2025**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send the court-approved § 1983 form to Plaintiff.

**IT IS SO ORDERED**.

**Dated February 11, 2025, in Kansas City, Kansas.**

> **S/  John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**