IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DURAYLE JACKSON,**

    **Plaintiff,**

    v.                                        CASE NO. 25-3013-JWL

**EMMIT LOCKRIDGE, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Durayle Jackson, brings this pro se civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff's claims are based on incidents occurring during his detention at the Wyandotte County Jail in Kansas City, Kansas ("WCJ"). On March 25, 2025, the Court entered a Memorandum and Order (Doc. 9) ("M&O") finding that the proper processing of Plaintiff's Eighth Amendment and privacy claims cannot be achieved without additional information from appropriate WCJ officials and ordering the officials to submit a *Martinez* Report by May 23, 2025. The Court also ordered Plaintiff to show good cause why his claims against Defendant Lockridge and his claims asserting a hate crime, an equal protection claim, a § 1985(3) claim, and his First Amendment right to assemble claim, should not be dismissed for the reasons stated in the M&O. This matter is before the Court on Plaintiff's response (Doc. 11) and Motion for Appointment of Counsel (Doc. 10).

Plaintiff's factual allegations and the Court's screening standards are set forth in detail in the M&O. The Court found that although Plaintiff names Emmit Lockridge in the caption of his Amended Complaint, he does not mention him in the body of his Amended Complaint. He also fails to include Lockridge in the list of defendants on page two of his Amended Complaint. *See* Doc. 8, at 2. The Court directed Plaintiff to show good cause why his claims against Defendant

1

Lockridge should not be dismissed. In his response, Plaintiff states "-Dismiss equal protection claim against Emmit Lockridge but not against the deputies he's the warden." (Doc. 11, at 12.) The Court dismisses Plaintiff's claims against Defendant Emmit Lockridge.

The Court also found that Plaintiff does not have a cause of action for a hate crime. Section 249 is a federal criminal statute dealing with hate crimes motivated by the victim's actual or perceived sexual orientation, gender identity, gender, disability, race, color, religion, or national origin. *See* 18 U.S.C. § 249. Plaintiff does not have a private right of action to enforce criminal laws. As a general matter, federal criminal statutes that "do not provide for a private right of action" are "not enforceable through a civil action." *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *see also Perkins v. Univ. of Kansas Med. Ctr.*, 2014 WL 1356042, at *4 (D. Kan. 2014) (finding claim under § 249 should be dismissed because "[t]hese federal statutes authorize criminal prosecution for various acts, they do not authorize a private cause of action") (citation omitted); *see also Pennington v. Meyers*, 2022 WL 656163, at *4 (D. Kan. 2022) (same).

The Court ordered Plaintiff to show good cause why his hate crime claim should not be dismissed. In his response, Plaintiff states "-Dismiss hate crime claim." (Doc. 11, at 12.) The Court dismisses Plaintiff's hate crime claim.

Plaintiff asserts a claim under the 5th and 14th Amendments based on "Sex and/or Gender discrimination." (Doc. 8–1, at 10.) Plaintiff also references a "class of one" equal protection claim, and a claim under § 1985(3). The Court found in the Memorandum and Order to Show Cause (Doc. 7) ("MOSC") that Plaintiff fails to provide any factual support for these claims. In his Amended Complaint, Plaintiff alleges that inmates Emmanuel Jones, Jemel Knox,

2

Cortez Knox, Franklin White, and DeRay Cox, were not receiving the same treatment as Plaintiff. (Doc. 8–1, at 4.)

The Court found in the M&O that Plaintiff failed to allege that the other inmates were similarly situated to him in every material respect. *See Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998) ("In order to assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them.") (citation omitted). The Court ordered Plaintiff to show good cause why his equal protection claim should not be dismissed for failure to state a claim. In his response, Plaintiff makes the bald conclusion, without factual support, that these inmates are similarly situated in every material aspect. (Doc. 11, at 2–11.) Plaintiff fails to provide any factual support or information as to how these inmates are similarly situated. Plaintiff has failed to show good cause why these claims should not be dismissed. The Court dismisses Plaintiff's equal protection claim under the 5th and 14th Amendments.

Section 1985 deals with conspiracies to interfere with civil rights. *See* 42 U.S.C. § 1985. The Court found in the M&O that Plaintiff fails to allege a conspiracy or to assert factual allegations in support of a conspiracy claim. Plaintiff fails to address this claim in his response, and the Court dismisses his § 1985 claim.

The Court found in the M&O that although Plaintiff mentions a First Amendment right to assemble, he does not address this claim in the body of his Amended Complaint. A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.  The Court ordered Plaintiff to show good cause why his First Amendment right to assemble claim should not be dismissed for failure to state a claim.  Plaintiff fails to address this claim in his response, and the Court dismisses his First Amendment right to assemble claim for failure to state a claim.

Plaintiff's response attaches an exhibit addressing deliberate indifference in violation of the Eighth Amendment.  *See* Doc. 11–1.  The Court found in the M&O that the proper processing of Plaintiff's Eighth Amendment and privacy claims cannot be achieved without additional information from appropriate WCJ officials.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).  Accordingly, the Court ordered the WCJ officials to prepare and file a *Martinez* Report.  Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915(e)(2).  The M&O provides that "[n]o motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared." (Doc. 9, at 15.)

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 10), setting forth his unsuccessful attempts at obtaining counsel.  The Court denies this current motion for the same reasons the Court denied Plaintiff's previous motion.  The Court's reasoning is set forth in the Court's MOSC.  *See* Doc. 7, at 11–12.  Plaintiff should refrain from filing any additional motions or pleadings until the Court has received the *Martinez* Report and screened Plaintiff's Amended Complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (Doc. 10) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Lockridge, and his claims asserting a hate crime, his equal protection claim under the 5th and 14th Amendments, his § 1985(3) claim, and his First Amendment right to assemble claim, are **dismissed** for failure to state a claim.

**IT IS SO ORDERED.**

**Dated May 1, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**