IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DURAYLE JACKSON,**

    **Plaintiff,**

    v.                                                         CASE NO. 25-3013-JWL

**EMMIT LOCKRIDGE, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Durayle Jackson, brings this pro se civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff's claims are based on incidents occurring during his detention at the Wyandotte County Jail in Kansas City, Kansas ("WCJ"). In response to the Court's February 11, 2025 Memorandum and Order to Show Cause (Doc. 7), Plaintiff submitted an Amended Complaint (Doc. 8) on March 7, 2025. On March 25, 2025, the Court entered a Memorandum and Order (Doc. 9) ("M&O") ordering Plaintiff to show good cause why his claims against Defendant Lockridge and his claims asserting a hate crime, an equal protection claim, a § 1985(3) claim, and his First Amendment right to assemble claim, should not be dismissed for the reasons stated in the M&O. Plaintiff responded, and on May 1, 2025, the Court entered a Memorandum and Order (Doc. 12) dismissing those claims for failure to state a claim.

The Court's M&O also found that the proper processing of Plaintiff's Eighth Amendment and privacy claims could not be achieved without additional information from appropriate WCJ officials and ordered the officials to submit a *Martinez* Report. The *Martinez* Report (Docs. 22, 28) (the "Report") was filed, and the Court entered a Memorandum and Order (Doc. 29) ("M&O II) finding that the Court was "unable to resolve the factual disputes at this stage of the

proceedings and find[ing] that Plaintiff's Eighth Amendment and privacy claims survive screening under 28 U.S.C. § 1915A." (Doc. 29, at 12.)

The Court also found that Plaintiff's causes of action under Kansas law for invasion of privacy based on false light publicity, negligent infliction of emotional distress, and defamation, were subject to dismissal. *Id*. at 12–16. Plaintiff was ordered to show good cause why his state law claims should not be dismissed for the reasons stated in the M&O II. *Id*. at 16. This matter is before the Court on Plaintiff's response (Doc. 35).

Most of Plaintiff's response addresses claims that have already been dismissed. *Id*. at 1–17. Plaintiff then lists his state law claims as false light, NIED, and defamation. *Id*. at 18. The last three pages of Plaintiff's response include an AI Overview addressing the meaning of "buck breaking." *Id*. at 19–20. The AI Overview describes buck breaking as "an offensive and historical term that refers to the act of publicly punishing and often sexually assaulting or raping enslaved Black men by enslavers, primarily to humiliate them and assert dominance." *Id*. at 19. The overview goes on to provide that "[i]n modern contexts, 'buck breaking' is used to refer to the enduring impact of systemic racism and the continued oppression, humiliation, and disenfranchisement of Black men . . .." *Id*. The response also includes a google search and corresponding AI Overview for "projecting." *Id*. at 21–22.

The Court addressed Plaintiff's state law claims in detail in the M&O II and found that: Plaintiff failed to allege how the statements made at the WCJ became public and failed to suggest that they were communicated to the public at large or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge; Plaintiff failed to allege a physical injury sufficient to state a claim for NIED under Kansas law; and Plaintiff failed to set

forth any factual allegations under the section titled "Defamation in Kansas" and none of the allegations indicate that they support a defamation claim. (Doc. 29, at 12–16.)

Plaintiff was ordered to show good cause why his state law claims should not be dismissed for the reasons set forth in the Court's M&O II. Nothing in Plaintiff's response addresses the deficiencies noted in the M&O II. Plaintiff has failed to show good cause why his state law claims should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's causes of action under Kansas law for invasion of privacy based on false light publicity, negligent infliction of emotional distress, and defamation are **dismissed.**

**IT IS SO ORDERED**.

Dated December 12, 2025, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**