**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

DURAYLE JACKSON,

               Plaintiff,

v.                                                                     Case No. 25-cv-3013-EFM-JBW

EMMIT LOCKRIDGE, et al.,

               Defendants.

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff Durayle Jackson, proceeding *pro se* and *in forma pauperis*, brings this civil rights case under 42 U.S.C. § 1983 based on incidents occurring during his detention at the Wyandotte County Jail in Kansas City, Kansas. This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (Dkt. 47). Plaintiff renews his request for the Court to appoint counsel to represent him in this case. Plaintiff's prior motions for appointment of counsel were denied without prejudice.[1]

Although a defendant in a *criminal* action has a constitutional right to be represented by counsel, it is well settled that a party in a *civil* action has no constitutional right to appointed counsel.[2] However, under the *in forma pauperis* statute, the court "may request an attorney to represent" a party unable to afford counsel.[3] Section 1915(e)(1) grants broad discretion for courts

---

[1] *See* Dkts. 7 and 12. The Court denied Plaintiff's first motion without prejudice to refiling if his Complaint survived screening under 28 U.S.C. § 1915A. (Dkt. 7). On November 12, 2025, the Court found that Plaintiff's Eighth Amendment and privacy claims survived screening. *See* Mem. & Order (Dkt. 29). All Plaintiff's other claims have been dismissed. *See* Mem. & Orders (Dkts. 12 and 36).

[2] *See Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

[3] 28 U.S.C. § 1915(e)(1).

to request counsel to represent an indigent party.[4] In evaluating a prisoner's request for appointed counsel, the court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."[5] "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[6]

Section 1915(e)(1) merely permits the court to "request" an attorney to represent an indigent party in a civil case and does not authorize the court to require an unwilling attorney to take the case.[7] More significantly, Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[8] So the court only may seek an attorney willing to be appointed and provide his or her legal services pro bono (without payment). For these reasons, the appointment of counsel in a civil case is rare.[9]

Plaintiff's renewed motion for appointment of counsel is denied. Plaintiff states in his "Exhibit F" to his motion (Dkt. 48-5) that he is asking for a lawyer again due to his mental health illness as shown in the evaluation he previously submitted. He states he is currently taking

---

[4] *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 749 (10th Cir. 2009).

[5] *Steffey v. Orman*, 461 F.3d 1218, 1224 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).

[6] *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

[7] *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 301–08 (1989).

[8] *See Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

[9] *Wishneski v. Andrade*, 572 F. App'x 563, 570 (10th Cir. 2014) ("Appointment of counsel in civil cases is the rare exception, not the rule.").

medications to cope with voices and trauma. There is no indication Plaintiff's conditions and limitations are newly diagnosed or impact his ability to continue to prosecute his remaining claims. He commenced this case in January 2025. During that time, he has demonstrated his ability to gather facts and present his claims and arguments in his pleadings and other filings. Plaintiff's pleadings and filings to date adequately present the factual and legal bases for his claims and demonstrate that he understands the basics of his claims. Through his own efforts to date without counsel, some of Plaintiff's claims have passed the Court's screening. In addition, as stated in the Court prior's orders denying Plaintiff's motions, the issues are not complex and Plaintiff appears capable of adequately presenting facts and arguments. Nor has Plaintiff alleged any special circumstances that would lead the Court to conclude that he is not capable to proceed on his own behalf or set his case apart from other individuals proceeding *pro se* in federal court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Dkt. 47) is denied without prejudice.

A paper copy of this Order will be mailed to Plaintiff Jackson at the address provided in his motion.

IT IS SO ORDERED.

Dated June 8, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge